PEOPLE v NAWROCKI

1. CRIMINAL LAW—CONSPIRACY—EVIDENCE—DIRECTED VERDICT.

No error was committed by a trial court's denial of a defendant's motion for a directed verdict of acquittal where the trial testimony contains more than sufficient direct and circumstantial evidence to establish defendant's active involvement in the criminal conspiracy charged.

2. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS—PENDING CHARGES.

No prejudicial error was committed because the trial court in sentencing a defendant reviewed the defendant's prior record, where the court explicitly asked the defendant about the prior convictions and pending charges and accepted the defendant's version without comment; there is no indication that the court improperly relied on these matters.

3. CRIMINAL LAW—SENTENCING—MINIMUM TERM—INDETERMINATE SENTENCES.

A minimum term of a defendant's indeterminate sentence is reduced to six years and eight months where defendant was originally sentenced to eight to ten years.

Appeal from Kent, George v. Boucher, J. Submitted Division 3 January 9, 1974, at Grand Rapids. (Docket No. 14385.) Decided March 7, 1974.

George Nawrocki was convicted of conspiracy to possess motor vehicles, knowing them to be stolen, for the purpose of transferring possession, ownership, or title of the vehicles. Defendant appeals. Affirmed, and sentence modified.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 341 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 585.
[3] 21 Am Jur 2d, Criminal Law §§ 592, 614.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant appeals as of right from his April 5, 1972, jury conviction of conspiracy to possess motor vehicles, knowing these vehicles to be stolen, for the purpose of transferring possession, ownership, or title of said vehicles. MCLA 750.157a; MSA 28.354(1), and MCLA 257.254; MSA 9.1954. Defendant was sentenced on May 15, 1972, to serve a minimum of eight years and a maximum of ten years in prison.

Defendant and two others were charged for their involvement in a scheme whereby automobiles were stolen in the Monroe area and subsequently sold as "factory rejects" in the Grand Rapids area. Two of the participants, having admitted their involvement, testified against the defendant at the trial. To set forth the intricate detail of the many transactions involved would unduly lengthen this opinion. The errors asserted are discussed in light of the facts necessary or relevant to the decision.

Defendant first asserts that the court refused to grant his request for recordings, statements, and reports concerning interviews with two of the prosecution witnesses. He claims that failure to produce these resulted in error. This contention is

_____
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

not supported by the record. The report was furnished to the defendant upon stipulation and the court granted a recess for the defendant to examine the report. This was apparently sufficient. The defendant, after the recess, continued his cross-examination without further request for any tapes or statements. We find no prejudicial error. *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933); *People v Marra,* 27 Mich App 1; 183 NW2d 418 (1970).

Defendant also claims the trial court's denial of his motion for directed verdict of acquittal was error. A review of the trial testimony indicates more than sufficient direct and circumstantial evidence which established defendant's active involvement in a criminal conspiracy to possess stolen motor vehicles with intent to transfer possession, ownership, or title. The motion was properly denied.

The defendant argues that the instructions on intent were "erroneous, confusing and inconsistent". The defendant did not object but instead expressed his satisfaction with the charge as given. The instructions read as a whole clearly demonstrate the lack of merit in this claim. There was no manifest injustice.

In sentencing the defendant, the court reviewed his prior record. The court had before it a record of two convictions which defendant said were reversed and were later dismissed by an order of *nolle prosequi,* and a record of pending charges. The court explicitly asked the defendant about these matters and accepted the *defendant's* version without comment. There is no indication that the court improperly relied upon these matters. We find no prejudicial error.

We have carefully reviewed defendant's remain-

ing allegations of error and find no reversible error.

Defendant also seeks a review of his sentence in light of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1973). Defendant was sentenced on May 15, 1972, and his appeal was pending with the *Tanner* issue presented on the date of *Tanner,* July 26, 1972. Accordingly, defendant's minimum sentence is hereby reduced from eight years to six years and eight months. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

Conviction affirmed. Minimum sentence modified.